NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AARON G. FILLER, MD, PHD, FRCS, AN INDIVIDUAL,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

---

2014-5117

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00464-EDK, Judge Elaine Kaplan.

---

Decided: March 10, 2015

---

AARON G. FILLER, Santa Monica, CA, pro se.

JAMES R. SWEET, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Dr. Aaron G. Filler ("Dr. Filler") appeals from the decision of the United States Court of Federal Claims ("the Claims Court") dismissing his Fifth Amendment takings claim for failure to state a claim upon which relief can be granted. *Filler v. United States*, 116 Fed. Cl. 123 (2014). Because the Claims Court correctly dismissed Dr. Filler's complaint, we affirm.

BACKGROUND

Dr. Filler is a neurosurgeon in Santa Monica, California. In 2010, Susan Walker ("Walker"), a marine biologist employed by the National Marine Fisheries Service of the National Oceanic and Atmospheric Administration of the Department of Commerce ("NMFS"), traveled to Santa Monica to receive treatment from Dr. Filler for a work-related injury. Dr. Filler performed several procedures on Walker, including multiple injections of medication.

On January 31, 2011, Walker, under the username "sueinjuneau," commented on a website called Running-Forums.com in response to questions about Dr. Filler's offered medical treatments. Appellee's App. ("App.") 27 ¶ 39. One such comment read:

> Dr. Filler uses Wydase, which is a brand name of the enzyme hyaluronidase, in his piriformis injections to, in theory, break down scar tissue.
>
> Wydase is a medical preparation of highly purified bovine testicular enzyme, made previously by Wyeth Pharmaceuticals in England. Production ceased due to the possible transmission of bovine spongiform encephalitis [("BSE")], or mad cow disease, though there is no documentation of transmission through this route.
>
> Interestingly, Wydase is no longer manufactured and has not been manufactured in at least seven

years, so I'm not sure why [Dr.] Filler refers to the use of Wydase, and given the remote risk of [BSE] transmission that it poses, injecting it directly adjacent to a nerve does not seem advised.

*Id.* at 29–30 ¶ 49. Walker's comments provided the bases for Dr. Filler's actions for defamation and interference with prospective economic advantage filed in California state court, as well as his administrative claim under the Federal Tort Claims Act filed at the Department of Commerce. *Filler*, 116 Fed. Cl. at 126.

Dr. Filler also sued the United States ("the government") in the Claims Court, alleging that Walker's comments effected a Fifth Amendment taking of his medical license without just compensation. App. 16–17 ¶¶ 4–5. Specifically, Dr. Filler alleged that Walker, by posting her comments on RunningForums.com during working hours from a government computer and by relying on her NMFS training, acted as an agent of the government providing a "public warning about danger to the health and safety of the United States populace." *Id.* at 29 ¶ 48; *see also id.* at 22 ¶ 24; *id.* at 26 ¶¶ 36–37. Dr. Filler further alleged that Walker's comments "diminished the value of his medical license so completely that [they] constituted an inverse condemnation." *Filler*, 116 Fed. Cl. at 126–27; App. 54–55 ¶¶ 129–131. The government moved to dismiss the complaint for lack of subject matter jurisdiction or for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").

The Claims Court held that it had subject matter jurisdiction under the Tucker Act because Dr. Filler asserted a nonfrivolous takings claim that was not so "devoid of merit" or "insubstantial" as to undermine its jurisdiction. *Filler*, 116 Fed. Cl. at 127. Nonetheless, the court dismissed Dr. Filler's complaint for failure to state a claim under RCFC 12(b)(6). *Id.* at 128. The court reasoned that the facts alleged did not support the conclusory assertion

that Walker acted on behalf of the government and, alternatively, that Dr. Filler's medical license did not, as a matter of law, constitute a compensable property interest for purposes of the Takings Clause. *Id.*

Filler timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo the Claims Court's dismissal for failure to state a claim under RCFC 12(b)(6). *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012). Even though we hold a pro se complaint to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), that complaint must still "allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief" to avoid dismissal for failure to state a claim, *Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 557 (2007)). The facts as alleged "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). We are "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted).

The Fifth Amendment provides that private property shall not be taken for public use without just compensation. U.S. Const. amend. V, cl. 4. A compensable taking under the Fifth Amendment, however, requires authorized government action. *Del-Rio Drilling Programs Inc. v. United States*, 146 F.3d 1358, 1362 (Fed. Cir. 1998). If the government action is unauthorized, "the acts of defendant's officers may be enjoinable, but they do not constitute a taking effective to vest some kind of title in the government and entitlement to just compensation in the owner

or former owner." *Id.* (citations omitted); *see also Florida Rock Indus., Inc. v. United States*, 791 F.2d 893, 898 (Fed. Cir. 1998) ("The Tucker Act suit in the Claims Court is not, however, available to recover damages for unauthorized acts of government officials." (citations omitted)). "Government agents have the requisite authorization if they act within the general scope of their duties, *i.e.*, if their actions are a 'natural consequence of Congressionally approved measures,' or are pursuant to the 'good faith implementation of a Congressional Act.'" *Del-Rio*, 146 F.3d at 1362 (citations omitted).

Dr. Filler argues that his complaint plausibly establishes a duty on the part of the Department of Commerce and NMFS to protect human health and safety. Dr. Filler specifically alleges that Walker's NMFS office regularly prepares reports on BSE contamination, and thus Walker has the authority to issue a public warning, such as her RunningForums.com comment, about potential BSE spread. Moreover, Dr. Filler contends that Walker did not have an independent purpose in issuing those comments.

The government responds that the complaint does not plausibly show that Walker acted on behalf of the government. The government first argues that NMFS lacks the authority to regulate medical practices or drug safety. The government next contends that NMFS's authority, and thus Walker's authority, to the extent it includes discussing disease pathogenesis, is limited to assessing routes of passage from humans into marine animals. The government notes that to the extent NMFS does comment about BSE spread, it does so in official reports or on official websites with authors identifying themselves as speaking on behalf of NMFS. Thus, the government continues, Walker only encountered Wydase as a patient, and thus her comments were merely "in her individual capacity as a former patient who was concerned about a product." Appellee's Br. 8.

We agree with the government and the Claims Court that the facts alleged in Dr. Filler's complaint fail to support the conclusory assertion that Walker acted on behalf of the government when she posted her comments on RunningForums.com. NMFS does not have the statutory authority to regulate medical practices or drug safety. Instead, NMFS's authority derives from the Magnuson-Stevens Fishery Conservation and Management Act (16 U.S.C. Ch. 38), the Marine Mammal Protection Act (16 U.S.C. Ch. 31), and the Endangered Species Act (16 U.S.C. Ch. 35). App. 26 ¶ 37; *see Filler*, 116 Fed. Cl. at 128–29. NMFS's authority is therefore limited to managing, conserving, and protecting living marine water resources in United States waters. The complaint recites various other statutes and constitutional provisions as granting NMFS the authority to issue public warnings and protect human health and safety. As the Claims Court recognized, however, those provisions expressly relate to the "enforcement purview of either the Department of Agriculture or the Food and Drug Administration," *Filler*, 116 Fed. Cl. at 129; none authorize NMFS action in a similar fashion.

To the extent NMFS does report on BSE spread, as Dr. Filler alleges, *see* App. 44–45 ¶ 96–98, that reporting narrowly discusses concerns with transmitting BSE to marine life, via fish feed for example, as provided for in the agency's governing statutes. Moreover, as a marine biologist employed by the NMFS, Walker's reports focus primarily on the "non-fishing impact" on various fish habitats: "this involve[s] an analysis of routes of passage of infectious agents from humans into marine mammals and into food supplies." *Id.* at 46 ¶ 101. Such a reporting infrastructure does not support Dr. Filler's broad contention that NMFS and Walker have the authority to disseminate public health warnings, and comment generally, on the safety of any medical practice. Dr. Filler's allegation that reporting the possible risks of BSE spread through

Wydase injections is a necessary extension of authorized duties is therefore unpersuasive. *See id.* at 48 ¶ 105. As the Claims Court stated, "the facts show that Ms. Walker acted in her individual capacity as a former patient of Dr. Filler for her independent purpose of conveying her personal views on the efficacy and advisability of the treatment that she believed Dr. Filler had used on her and other patients." *Filler*, 116 Fed. Cl. at 129.

Because no authorized government action was implicated, the Claims Court correctly dismissed Dr. Filler's takings claim for failure to state a claim under RCFC 12(b)(6). Accordingly, we need not address the Claims Court's alternative basis for dismissing the complaint.

CONCLUSION

We have considered Dr. Filler's remaining arguments, but find them unpersuasive. The Claims Court's dismissal of Dr. Filler's takings claim is therefore affirmed.

**AFFIRMED**